UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN -3 2014
Clerk, U.S. District and
Bankruptcy Courts

ALBERT T. JONES, SR., )
                                   Plaintiff, )
v. ) Civil Action No. 14 -22
UNITED STATES OF AMERICA, )
                                   Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff states that this action arises from "an ongoing controversy involving a violation of [his] 4th Amendment Rights in Case No.: 8:02-CR-122-T-24EAJ, U.S. vs. McCalebb, et al., 11th Cir. U.S. Dist. Ct. (2003)." Compl. ¶ 3. He contends that the United States "obtained Personal two-way pager Text Messages records of Plaintiff from a National Paging Company under the name of Skytel Communication without a warrant," *id.* ¶ 4, and he demands a declaratory judgment, *see id.* ¶¶ 7-9. Through this lawsuit, plaintiff appears to challenge his criminal conviction, which apparently was obtained in part on trial testimony regarding these text messages. *See United States v. Jones*, 149 F. App'x 954, 959-60 (11th Cir. 2005) (concluding that "testimony [of co-conspirator regarding test messages] did not violate the Fourth Amendment and suppression was not warranted").

A collateral attack on a conviction must be brought by motion under 28 U.S.C. § 2255 in the sentencing court. *See, e.g., Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). Because plaintiff was convicted and sentenced in the United States District Court for the Middle District of Florida, *see Jones v. United States*, Nos. 8:02-cr-122-T-24EAJ, 8:06-cv-851-T-24EAJ, 2006 WL 1406584, at *2 (M.D. Fla. May 22, 2006), this Court is not the proper forum for resolution of plaintiff's claim. Furthermore, because plaintiff already has filed one motion under § 2255, he likely is barred from filing another. *See Jones v. Warden, FCC Coleman-Medium*, 520 F. App'x 942, 944-45 (11th Cir. 2013) (noting plaintiff's concession that he "cannot meet the requirements of § 2255(h) to pursue his claims in a successive § 2255 motion").

The Court will dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: 12/28/13

_____
United States District Judge